## BRIDGES v. UNITED STATES.
### Civ. No. 2568.

United States District Court
W. D. Louisiana, Shreveport Division.
May 22, 1950.

McIntyre & McIntyre, Brandon, Miss., Booth, Lockard & Jack, Shreveport, La., for plaintiff.

Malcolm E. Lafargue, William J. Fleniken, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

The plaintiff obtained a jury verdict in her favor for the face value of the National Service Life Insurance policy issued to her son while in the military service and who died after discharge.

The matter before the court at this time is to determine whether plaintiff is entitled to recover interest upon this amount and costs of the suit. Interest and costs can be assessed against the Government in those instances only where expressly authorized by law. Section 1346(a) (2), Title 28 United States Code Annotated, gives the district courts jurisdiction, among others, as follows: " * * * Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Section 2411(b), ib., declares: "Except as otherwise provided in subsection (a) of this section, on all final judgments rendered against the United States in actions instituted under section 1346 of this title, interest shall be computed at the rate of 4 per centum per annum from the date of the judgment up to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment. As amended May 24, 1949, c. 139, § 120, 63 Stat. 106."

This claim does not exceed, exclusive of interest, but is exactly $10,000, and is "founded" upon an Act of Congress, to wit, the one dealing with and authorizing issuance to those in the military service of National Service Life Insurance not to exceed $10,000.

As to costs, Section 2412(b), Title 28 United States Code Annotated, declares: "In an action under subsection (a) of section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the district court or Court of Claims may allow costs to the prevailing party from the time of joining such issue. Such costs shall include only those actually incurred for witnesses and fees paid to the clerk."

As appears from Section 1346(a) (2), quoted above, the present suit arises thereunder because it does not exceed $10,000, and is based upon an Act of Congress, including Section 1491(2) and (4), Title 28, United States Code Annotated, which provides:

"Sec. 1491. Claims against United States generally.

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States: * * *

"(2) Founded upon any Act of Congress; or * * *

"(4) Founded upon any express or implied contract with the United States * * * ."

So that the costs and fees permitted to be collected from the United States under Section 2412(b) are recoverable in the present case.